**FILED**
**MAY 2 2 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 07 CR 50058-4 |
| | ) | Judge Philip G. Reinhard |
| MARTEL D. MULLINS, | ) | |
| also known as "Foe Baby" | ) | |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant MARTEL D. MULLINS, and his attorney, DANIEL A. MENGELING, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and is governed in part by Rule 11(c)(1)(A), as more fully set forth in paragraph 13 below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The indictment in this case charges defendant with one count of conspiring to commit robberies that affect interstate commerce and one count of robbery affecting interstate commerce, both in violation of Title 18, United States Code, Section 1951(a), as well as one count of using a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A).

3. Defendant has read the charges against him contained in the indictment, and the charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

### Charges to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Counts Two and Three of the indictment. Count Two charges defendant with committing a robbery affecting interstate commerce at the West State Food Mart, 2907 West State Street, Rockford, Illinois on July 3, 2007, in violation of Title 18, United States Code, Section 1951(a). Count Three charges defendant with using a firearm during and in relation to the West State Food Mart robbery charged in Count Two, a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A).

### Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charges contained in Counts Two and Three of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt. These facts are not all the facts known to defendant and are set forth solely to provide a factual foundation for this guilty plea.

   a. With respect to Count Two of the indictment, defendant admits that on July 3, 2007, he, Michael Jackson, also known as "Way Way," and Thomas L. Hawkins, also known as "T Boy," agreed to rob the West State Food Mart at 2907 West State Street, Rockford, Illinois. At approximately 9:23 p.m., defendant, Jackson and Hawkins entered the business. Jackson pointed a real semi-automatic handgun which he had with him at one of the victim's heads, forcing that victim to the ground. While Hawkins stood guard inside the store, Jackson and defendant took several hundred dollars from the store's cash register. During the robbery, defendant said that they should kill the victims. Neither victim was physically harmed. The West State Food Mart is a

grocery/convenience store which sells food and many other products, much of which is processed or manufactured and purchased from distributors outside the State of Illinois.

b. With respect to Count Three of the indictment, defendant admits that during and in relation to the West State Food Mart robbery that he committed with Thomas Hawkins and Michael Jackson, as alleged in Count Two of the indictment, his co-defendant Michael Jackson knowingly used and carried a firearm, a semi-automatic handgun, in that he pointed the firearm at the victims of the robbery, in order to intimidate and threaten the victims. Defendant knew that Jackson had the firearm prior to entering the store, which had been provided by Hawkins, and that Jackson intended to use it to facilitate the robbery.

### Maximum Statutory Penalties

7. Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

a. Count Two carries a maximum sentence of 20 years' imprisonment. Count Two also carries a maximum fine of $250,000. Defendant further understands that with respect to Count Two the judge also may impose a term of supervised release of up to five years.

b. Count Three carries a maximum sentence of life imprisonment, and a statutory mandatory minimum sentence of 7 years. The sentence of imprisonment on Count Three is required to be consecutive to the sentence on any other count. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation on this count. Count Three also carries a maximum fine of $250,000. Defendant further understands that with respect to Count Three, the judge also may impose a term of supervised release of up to five years.

      c.      Defendant further understands that the Court must order restitution to the victims of the offenses in an amount determined by the Court.

      d.      In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty or restitution imposed.

      e.      Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is life imprisonment. In addition, defendant is subject to a total maximum fine of $500,000, a period of supervised release of up to five years, and special assessments totaling $200, in addition to any restitution ordered by the Court.

## Sentencing Guidelines Calculations

8.      Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.      For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

      a.      **Applicable Guidelines.** The Sentencing Guidelines to be applied in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

b. **Offense Level Calculations.**

i. Pursuant to Guideline § 3D1.1, Counts Two and Three are not grouped as closely related counts, because Count Three charges a violation of Title 18, United States Code, Section 924(c)(1)(A), which specifies a term of imprisonment to be imposed that must run consecutively to any other term of imprisonment.

ii. With respect to Count Two of the indictment, the West State Food Mart robbery on July 3, 2007, the parties agree on the following points:

A. Pursuant to Guideline § 2B3.1(a), the base offense level for Count Two is 20.

iii. With respect to Count Three of the indictment, the parties agree that pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii) and Guideline § 2K2.4(b), defendant must be sentenced to 7 years (84 months) of imprisonment, which must be ordered to run consecutively to any other sentence of imprisonment imposed, because defendant is responsible for the brandishing of a firearm during the commission of the West State Food Mart robbery, a crime of violence for which he has been convicted in Count Two.

iv. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the U.S. Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

      v.      In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

    c.    **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts known to the government and stipulated below, defendant's criminal history points equal 3 and defendant's criminal history category is II:

      i.      On or about February 8, 2007, in the Circuit Court of Winnebago County, Illinois, defendant pled guilty to the felony offense of possession of a controlled substance, and was sentenced to 24 months of special probation, 40 hours of public service work, and fines and costs. No judgment of conviction was entered at that time. Defendant must receive 1 criminal history point for this sentence, pursuant to Guideline §§ 4A1.1(c) and 4A1.2(f).

      ii.      Defendant must receive 2 criminal history points pursuant to Guideline § 4A1.1(d), because he committed the instant offenses while on probation for the sentence outlined in paragraph 9(c)(i) above.

    d.    **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level for Count Two is 17, which, when combined with the anticipated criminal history category of II, results in an anticipated advisory Sentencing Guidelines range of 27 to 33 months' imprisonment, in addition to any supervised

release, fine, and restitution the Court may impose. In addition, defendant must serve at least 84 months (7 years) of imprisonment for Count Three, which must be ordered to run consecutively to any other sentence of imprisonment imposed. Thus, defendant's effective Sentencing Guidelines range for Counts Two and Three is 111 to 117 months' imprisonment.

    e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

    f. Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

10. The government is free to recommend whatever sentence it deems appropriate, including asking the court to impose a sentence above the applicable Guidelines range. The defendant reserves the right to ask the court to impose a sentence below the applicable Guidelines range.

11. The parties acknowledge that defendant must be ordered to pay restitution arising from Count Two. Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing.

12. Defendant agrees to pay the special assessment of $200 at the time of sentencing with a check or money order payable to the Clerk of the U.S. District Court.

13. After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining count of the indictment as to this defendant.

## Presentence Investigation Report/Post-Sentence Supervision

14. Defendant understands that the United States Attorney's Office in its submission to the Probation Department as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

15. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his

financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

16. For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the United States Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Pleas of Guilty

### Nature of Plea Agreement

17. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 07 CR 50058-4.

18. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States

or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

19. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

        i. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was

persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

    iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

    v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

    vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

    vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

   b. **Waiver of appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

   c. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

 20. By entering this plea of guilty, defendant also waives any and all right the defendant may have, pursuant to 18 U.S.C. §3600, to require DNA testing of any physical evidence in the possession of the Government. Defendant fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Other Terms

 21. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

 22. Defendant understands that the government has the right to seek defendant's truthful testimony before a grand jury or a district court.

### Conclusion

 23. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

 24. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement,

or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

25. Should the judge refuse to accept defendant's pleas of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

26. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

27. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: May 22, 2008

PATRICK J. FITZGERALD
United States Attorney

MICHAEL F. IASPARRO
Assistant U.S. Attorney
308 W. State Street - Suite 300
Rockford, Illinois 61101
(815) 987-4444

MARTEL D. MULLINS
Defendant

DANIEL A. MENGELING
Attorney for Defendant
2030 Seminary Avenue
Woodstock, Illinois 60098
(815) 338-6906